[Decided January 25, 1887.]

## CYRUS J. COLE v. TERRITORY.

CRIMINAL PRACTICE — APPEAL — HOW TAKEN. — An appeal in a criminal case cannot be taken to the Supreme Court of Washington Territory on notice given in open court, at the time of the rendition of the judgment, when no assignment of errors is filed as served thereunder; nor by a second notice, five months after the first notice, prepared and served under the Code as in civil cases; as, if the act of 1883 applies to criminal cases, the failure to file assignments of error and prosecute under the first notice would warrant a dismissal for want of prosecution; and if the act of 1883 does not apply, a writ of error issued as provided by the Criminal Code, sections 1140–1142, is the only way to take the case to the Supreme Court.

ERROR to the District Court holding terms at Spokane Falls. Fourth District

The plaintiff in error was convicted of a criminal offense in a Justice's Court, and on *certiorari* the judgment was affirmed by the District Court, from which he attempted to appeal at the time of judgment, by giving oral notice in open court. Having failed to assign error under rule 5 of Supreme Court rules, 1884, he abandoned this procedure, and attempted to perfect an appeal by giving written notice as required by section 458 of the Code. No writ of error was sued out as required in criminal cases under chapter 91 of the Code.

*Messrs. Andrews & Jones*, for the Plaintiff in Error, filed a brief on the merits, but did not notice therein the the points upon which the appeal was dismissed

No one appeared and no brief was filed on behalf of the territory.

Mr. Justice HOYT delivered the opinion of the court.

The appellee herein not having appeared in this court, we had to examine the transcript to see that we had jurisdiction, before proceeding to the consideration of

alleged errors; and from such examination we find that a notice of appeal was given in open court at the time of the rendition of the judgment, but no assignment of errors was filed or served thereunder. We further find that about five months after the giving of such notice, a notice under the Code was prepared and served as in civil cases, and it was by virtue of these notices that the cause is here, if at all. We do not think it is properly here for hearing on the first notice; as even if the act of 1883 applies to criminal cases, which we very much doubt, yet there has been such a failure to file an assignment of errors under said notice, and to further prosecute the appeal thereunder, that it should be dismissed for want of prosecution. Nor do we think that we can hear it under the second notice, as it is clear that before the act of 1883 this court could only get jurisdiction of a criminal cause by virtue of a writ of error issued out of this court by the clerk thereof, as provided in the provisions as to appeals in the Criminal Code. (See secs. 1140–1142.) It follows that the appeal must be dismissed, and it is so ordered.

Greene, C. J., and Langford, J., concurred.